UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DARRYL ANTHONY ROSS,

        Defendant.
_____/

Case No. 18-20826

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S REQUEST
FOR APPOINTMENT OF COUNSEL (ECF No. 58)

    The court has received a letter from Defendant Darryl Anthony Ross requesting the appointment of counsel, which it will construe as a motion. Ross seeks the assistance of counsel in order to petition the court for compassionate release.

    Ross is serving an 86-month sentence for conspiracy to possess with intent to distribute controlled substances and possession with intent to distribute hydrocodone and codeine. He is housed at FCI Milan. He contends that he has an unspecified health condition that makes him vulnerable should he contract COVID-19.

    In response to the COVID-19 pandemic, the Bureau of Prisons ("BOP") has been evaluating prisoners nationwide in order to determine

-1-

which inmates face the most risk from COVID-19, pose the least danger to public safety, and can safely be granted home confinement.[1]  This effort is consistent with the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020), which provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement."  *Id.*

    Another potential avenue for relief for Ross is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion;  (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing

---

[1] *See* Attorney General's Directives to BOP, available at
https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf; and
https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf.

Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

Ross has not alleged that he has exhausted his administrative remedies by presenting his request for compassionate release to the BOP. The Sixth Circuit has recently determined that this exhaustion requirement is mandatory and may not be excused by the court. *United States v. Alam*, __ F.3d __, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020).

In addition, Ross has not articulated extraordinary and compelling reasons warranting compassionate release. An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment. To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1, and he must "not [be] a danger to the safety of any other person or to the community," USSG § 1B1.13(2).

Although Ross alleges that he has a health condition that puts him at greater risk for COVID-19 complications, such allegations are insufficient to establish extraordinary and compelling reasons for release. *See United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7,

2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission") (Goldsmith, J.); *accord United States v. Bridges*, No. 14-20007, 2020 WL 2553299, at *4 (E.D. Mich. May 20, 2020) (Cox, J.).

Because Ross has not articulated a colorable claim for compassionate release, the court will deny his request for the appointment of counsel. The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (court may appoint counsel for habeas petitioner "only where the interests of justice or due process so require"); *United States v. Prater*, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582."). When a petitioner has not articulated a colorable claim, the appointment of counsel would not serve the interests of justice. *Lemeshko*, 325 F. Supp.2d at 788.

Accordingly, IT IS HEREBY ORDERED that Ross's request for the appointment of counsel is DENIED.

Dated: July 9, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 9, 2020, by electronic and/or ordinary mail and also on Darryl Ross #49587-039, FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.

s/Brianna Sauve
Deputy Clerk